IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOUSSAINT L'OUVERTURE MINETT, SR.,

　　　　　　　　　　　　　　　　　　　　　　　　OPINION AND ORDER

　　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　　　　19-cv-205-bbc

　　　v.

OFFICER KRUTER,

　　　　　　　Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

　　　Pro se plaintiff Toussaint Minett, Sr., who is incarcerated at the Dodge Correctional

Institution, has filed a proposed civil action under 42 U.S.C. § 1983, alleging that while he

was incarcerated at the Rock County jail, defendant Officer Kruter violated his constitutional

rights by repeatedly shining a bright light in plaintiff's eyes on February 23, 2019, even

though he knew that it aggravated plaintiff's serious eye condition.  Before the court is

plaintiff's motion for court assistance in recruiting counsel to represent him.  Dkt. #15.  For

the reasons below, the motion will be denied without prejudice.

OPINION

　　　A pro se litigant does not have a right to counsel in a civil case, Olson v. Morgan, 750

F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in

finding lawyers to represent them.  Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007).  A

party who wants assistance from the court in recruiting counsel must meet several

requirements.  Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010).

　　　First, he must show that he is unable to afford to hire his own lawyer.  28 U.S.C. §

1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").  Plaintiff has met this requirement because the court has determined that he is indigent.

Second, plaintiff must show that he has made reasonable efforts on his own to find a lawyer to represent him.  Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). He also has met this requirement because he has submitted copies of letters from three lawyers who denied his request for representation.

Third, plaintiff must show that the legal and factual difficulty of the case exceeds his ability to prosecute it.  Pruitt, 503 F.3d at 654-55.  "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself."  Id. at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide for each case whether the particular plaintiff should be the beneficiary of the limited resources of lawyers willing to respond to court requests.  McCaa v. Hamilton, __ F.3d __, No. 19-1603, 2020 WL 2554402, at *3 (7th Cir. May 20, 2020).

Plaintiff says that he needs a lawyer because his eyes are getting worse, his vision has changed and he is being referred to an outside specialist.  He says that it is hard for him to see, write and read for long period of time without getting a headache.  Attached to plaintiff's motion is a copy of his May 15, 2020 eye examination, which shows that plaintiff has 20/400 vision without glasses but 20/40 vision with glasses.  Dkt. 15-2.

Although it appears that plaintiff has vision problems that will be evaluated further by an outside specialist, I have little basis for concluding at this point that plaintiff's corrected vision is preventing him from reading or writing, or that his skills are so poor that I should recruit a lawyer for him. In fact, plaintiff's instant motion was quite legible and coherent, and he has shown a good understanding of the facts and legal issues related to his claim. Moreover, it seems possible that may be able to get assistance with reading or writing from a fellow inmate or staff.

In addition, plaintiff's case is in its very early stages. Defendants answered the complaint only very recently, and there are no upcoming deadlines or filings to which plaintiff must respond. A preliminary pretrial conference is scheduled for June 25, 2020, during which plaintiff will be provided with information about how to conduct discovery and obtain evidence. Therefore, I will decline to assist plaintiff in recruiting counsel until he makes a good faith effort to litigate this case on his own or with the help of a non-lawyer.

Finally, plaintiff should know that the court would recruit counsel for every pro se plaintiff who asked for one if there were enough volunteer attorneys to take on such representation. The fact is that there are not. Each year more than 300 lawsuits are filed in this district by pro se plaintiffs, most of whom are in state custody. Only about 30 lawyers have the time, willingness and expertise in civil rights litigation to accept appointments and not all of them volunteer to handle one new case a year. Between 2016 and 2017, for example, the court was able to find only 17 volunteer lawyers to represent pro se litigants. In the past year, the court has had little success in finding counsel for a number

of more complex cases, although the effort to do so is continuing.  In the meantime, the

claims of these litigants have been delayed significantly.  Although the court is continually

trying new approaches to recruiting counsel, there continue be many more litigants who

want the help of counsel than there are counsel who can fill that need.  For this reason, the

court must carefully consider each plaintiff's abilities and the complexities of the claim in

determining whether to recruit counsel in any particular case.

Accordingly, I am denying plaintiff's motion for court assistance in recruiting counsel

without prejudice.  If later developments in the case or with plaintiff's vision show that he

is unable to represent himself, he is free to renew his motion at that time.


ORDER

IT IS ORDERED that plaintiff Toussaint Minett, Sr.'s motion for court assistance

in recruiting counsel, dkt. #15, is DENIED without prejudice.

Entered this 9th day of June, 2020.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge