IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOUSSAINT L'OUVERTURE MINETT, SR.,

                                                                        OPINION AND ORDER

                 Plaintiff,

                                                                        19-cv-205-bbc

     v.

OFFICER KREUTER,

                 Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Toussaint L'Ouverture Minett, Sr., who is incarcerated at the Oakhill Correctional Institution, is proceeding on claims under the Fourteenth Amendment that defendant Officer Kreuter at the Rock County jail flashed the beam of his flashlight in plaintiff's eyes, knowing that the light would worsen plaintiff's existing medical condition and in retaliation for plaintiff's filing a previous lawsuit against defendant in this court. Before the court are (1) defendant's motion to dismiss on the grounds that plaintiff failed to exhaust his administrative remedies before filing this lawsuit, dkt. #32; and (2) plaintiff's motion to deny defendant's motion to dismiss, dkt. #37. Because defendant has established that plaintiff failed to exhaust his jail remedies before filing this lawsuit, I will grant defendant's motion to dismiss and deny plaintiff's motion.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined

in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. The purpose of these requirements is to give the jail administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88-89 (2006). A failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proved by the defendant. Davis v. Mason, 881 F.3d 982, 985 (7th Cir. 2018).

To exhaust remedies at the Rock County jail, an inmate must follow a five-step procedure, which requires the filing of a written grievance in a timely manner at each step. The five stages include grievances directed to the following officials: (1) the correctional officer; (2) the shift sergeant; (3) the jail captain; (4) the jail commander; and (5) the sheriff. Dkt. #34-2 at 11. The grievance will be reviewed and responded to by the relevant official at each step.

The facts relevant to defendant's motion are largely undisputed. Plaintiff was booked at the jail on December 9, 2018, at which time he was advised that the inmate handbook, which contains the grievance policy and procedure, was available on the kiosk system. On February 23, 2019, defendant allegedly shined a flashlight into plaintiff's eyes on two

occasions, knowing that plaintiff suffered from an eye condition. Plaintiff alleges that Officer Gajdonsik witnessed the incident. Plaintiff submitted several grievances relating to the alleged incident, including the following: (1) a first stage grievance dated February 23, 2019, to which defendant responded on February 24, dkt. #34-3; (2) two second stage grievances to which Sergeant Scott and Sergeant Rowley responded, dkt.##34-4 and 34-5; (3) a third stage grievance dated February 27, 2019 to which Captain Burdick responded on March 11, dkt. #34-6; and (4) a fourth stage grievance dated March 12, 2019 to which Commander Strouse responded on March 13, dkt. #34-7. However, the sheriff never received and reviewed a grievance regarding defendant's alleged actions during the February 23, 2019 incident. Dkt. #34 at ¶ 8.

Around this time, plaintiff also filed a first stage grievance on March 12, 2019, in which he asked Officer Gajdosik why he lied about witnessing the February 23, 2019 incident. Dkt. #34-8. Gajdosik responded to that grievance on March 16. Dkt. #34-9. Plaintiff then filed a grievance marked "#2" and dated March 17, 2019, in which he stated that he had a "serious issue" with responses to his grievances concerning what Gajdosik allegedly witnessed on February 23, 2019. Dkt. #34-9. Captain Burdick responded to that grievance on March 18, 2019. (As discussed further below, the parties dispute the meaning of the March 17 grievance.)

Defendant contends that because plaintiff completed only the first four steps of the five-step grievance procedure with respect to him, plaintiff failed to exhaust his administrative remedies. I agree. Under the jail's grievance procedures, plaintiff was

3

required to file his grievance against defendant separately with five individuals, including the sheriff. Plaintiff did not do this.

Plaintiff contends that his March 17, 2019 grievance was meant to be his fifth stage grievance to the sheriff and speculates that Captain Burdick inappropriately intercepted and responded to the grievance. However, a review of the grievance itself does not support plaintiff's argument. The grievance filed by plaintiff on March 17 is marked "#2" and relates only to the conduct of Officer Gajdosik and the statements he allegedly made about the incident. As such, it appears to be a second stage grievance against Gajdosik. However, even if plaintiff meant the March 17 grievance to be a fifth stage grievance about defendant Kreuter to the sheriff, it was not sufficient to notify the sheriff about Kreuter's alleged wrongdoing and allow jail administrators a fair opportunity to resolve the grievance without litigation. The grievance did not mention Kreuter at all or discuss any details of the alleged flashlight incident. Therefore, I find that plaintiff failed to exhaust his administrative remedies.

## ORDER

IT IS ORDERED that

1. Defendant Kreuter's motion to dismiss, dkt. #32, is GRANTED, and plaintiff Toussaint L'Ouverture Minett, Sr.'s motion to deny defendant's motion, dkt. #37, is DENIED.

2. Plaintiff's claims are DISMISSED without prejudice for failure to exhaust his administrative remedies before filing suit.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 22d day of October, 2020.

        BY THE COURT:

        /s/

        _____
        BARBARA B. CRABB
        District Judge